

Harvey B. Nachman, Santurce, P. R., for appellants.

David Rive Rivera, Hato Rey, P. R., with whom Calderon, Rosa-Silva & Vargas, Hato Rey, P. R., was on brief, for appellee.

Before ALDRICH, CAMPBELL and BOWNES, Circuit Judges.

ALDRICH, Senior Circuit Judge.

The Puerto Rico district judges were initially of the opinion that Pueblo International, Inc., defendant-appellee herein, had its "nerve center" in New York, and hence could be sued by residents of the Commonwealth in the district court under its diversity jurisdiction. On January 27, 1978, in *de Walker v. Pueblo International, Inc.,* 569 F.2d 1169, we reversed such a finding as unwarranted, and dismissed the action. One of the district judges, on January 30, entered orders in all his pending diversity cases against Pueblo including the case at bar, granting plaintiffs "10 days to show cause why this action should not be dis-

### Iris HIGUERA et al., Plaintiffs, Appellants,

v.

### PUEBLO INTERNATIONAL, INC., Defendant, Appellee.

No. 78–1250.

United States Court of Appeals, First Circuit.

Argued Oct. 5, 1978.

Decided Oct. 31, 1978.

missed for lack of subject matter jurisdiction" in the light of *de Walker*. Plaintiffs-appellants responded on February 9, pointing to a footnote in *de Walker* (569 F.2d at 1173 n.5) which recited that *de Walker* would not apply to a "future plaintiff [who could] come up with new and different facts as to the locus of Pueblo's operations," and stating that they "accept[ed] the challenge," but would need 180 days to conduct discovery. Plaintiffs requested a "timetable." The court endorsed this motion with the following order:

> "30 days are granted to conduct discovery on this issue. Thereafter, plaintiff is granted 10 days within which to file memorandum and defendant is granted 10 days in which to respond. 2/13/78."

On February 22, the first day on which defendant had counsel upon whom notice could be served, plaintiffs noticed the taking of depositions of certain defendant's officers, and demanded the production of certain documents. These matters proceeded slowly, for which, we will assume, plaintiffs were in no way responsible. However, plaintiffs failed to seek an extension of time, or even to notify the court of their activity. The court, evidently assuming that there was none, and that it had given them plenty of time (64 days), dismissed the action on April 19. On April 25 plaintiffs moved to vacate this order. The court denied the motion. Plaintiffs appeal, arguing that the court abused its discretion because it considered only its own convenience, and that their substantive right to try their case in the federal court was of greater importance, especially since a jury trial is not available in civil actions in the courts of the Commonwealth.

Every case involves the rights, or what plaintiffs loosely call convenience, of three parties: the plaintiff, the defendant, and the court, the last representing litigants as a whole, which it can serve only one at a time. True, the rights of a defendant, particularly where a case is being dismissed, may be substantive,[1] as opposed to the right of the court, which may be principally convenience. Cf. *American Int'l Ins. Co. v. The Vessel S.S. FORTALEZA*, 1 Cir., 1978, 585 F.2d 22; *Del Rio v. Northern Blower Co.*, 1 Cir., 1978, 574 F.2d 23, 26. In the case at bar, the only inconvenience to the court was that of its docket. We have noted the obvious, that the convenience of the court in respect to its docket may be less important than the substantive rights of the plaintiff. *Alamance Industries, Inc. v. Filene's*, 1 Cir., 1961, 291 F.2d 142, 145–46. Nonetheless, the court's interest is real, and is to be weighed in the light of the plaintiffs' own deficiencies.

In the case at bar these were great. Counsel maintains that the court's order was ambiguous, and that he thought it was merely necessary to commence taking depositions within the 30 days. Reading this order, particularly in the light of plaintiffs' motion to which it was a response, we must regard this assertion as either self-deprecation of an incredible degree on the part of experienced counsel, or inexcusable carelessness. Nor did counsel respond to the court's request for a memorandum within 10 days of the initial 30. Even when, on April 25, plaintiffs filed a motion to vacate the dismissal, the only factual allegation was that plaintiffs "verily believe that the information that they have already developed might have been persuasive if it were included in the *Merino de Walker* case." This fell short of the loosest definition of memorandum. Particularly did it do so in view of our detailed discussion in *de Walker*, later reinforced by *Lugo-Vina v. Pueblo International, Inc.*, 1 Cir., 1978, 574 F.2d 41. The court might well regard this factual shortcoming with some skepticism,[2] and but another step in plaintiffs' marked failure to respond to its orders.

---

1. In the case at bar they are less substantive than in others. The statute of limitations has not run, and plaintiffs may still sue in the local courts.

2. Equally do we regard counsel's protest in oral argument that since the deposition had not yet been transcribed, he was insufficiently certain to make a statement (although, apparently, sufficiently certain to announce a true belief).

There was no impropriety in the original order. Thereafter, the court could well expect that counsel would, within 40 days, either realize there was no hope, or inform it why, and on what basis, more time was needed. Plaintiffs did neither; nor did they respond responsibly when faced with the consequences. In light of those failures the court did not abuse its discretion in refusing to vacate its order of dismissal. *See American Int'l Ins. Co. v. The Vessel S.S. FORTALEZA*, ante. There comes a point when the question arises who is running the court—counsel, or the judge. To this there can be but one answer.

*Affirmed.*