Winona S. SANCHEZ, Plaintiff,

v.

Mohammad ZABIHI, et al., Defendants.

No. CIV 2:95–805 LCS.

United States District Court,
D. New Mexico.

April 8, 1996.

Claud E. Vance, Levin & Vance, Albuquerque, NM, for Winona S. Sanchez.

Robert D. Lohbeck, N.M. Legal Bureau/RMD, Santa Fe, NM, for Mohammad Zabihi, New Mexico Department of Health.

*ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL AND PROTECTIVE ORDER*

SMITH, United States Magistrate Judge.

**THIS MATTER** comes before the Court on Defendants' motion to compel Plaintiff's response to Interrogatory No. 1, filed March 15, 1996 [**Docket Entry # 33**]. After reviewing the submissions of the parties, the applicable law, and oral argument at the February 14, 1996 status conference, and being otherwise fully advised in the premises, I find Defendants' motion should be granted in part and denied in part. Further, the Court *sua sponte* hereby issues a protective order regarding discovery related to Plaintiff's past sexual conduct, as described herein.

*CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE*

On January 8, 1996, all parties to this action consented to the United States Magistrate Judge presiding over all proceedings in this case, including final disposition, pursuant to 28 U.S.C. § 636(c) [Docket Entry # 18].

*DISCUSSION*

1. **Relevant Facts**

On July 21, 1995, Plaintiff filed this Title VII action against Defendants, alleging that by she was subjected to sexual harassment which resulted in a hostile work environment. (Compl. at 7). Specifically, Plaintiff contends Defendant Mohammad Zabihi made numerous unwanted sexual advances towards Plaintiff at the workplace, and that she was harmed as a result. In her complaint, Plaintiff lists four counts: (1) sexual harassment actionable under Title VII; (2) intentional infliction of emotional distress; (3) intentional interference with an employment contract; and (4) punitive damages.

## 2. The Motion to Compel

In the instant motion, Defendants seek to compel Plaintiff to respond to Interrogatory No. 1, which states:

1.  In the last ten (10) years, have you ever:

    a.  made any personal, romantic, or sexual advances towards any co-worker, or any person with whom you worked at the time, or any person who also worked at your same place of employment; or

    b.  been the subject of personal, romantic, or sexual advances by a co-worker, or by any person with whom you worked at the time, or by any person who also worked at your same place of employment; or

    c.  had a close personal, romantic, or sexual relationship, however brief, with any co-worker, or any person with whom you worked at the time, or any person who also worked at your same place of employment?

    If so, for each item above, please identify the person(s) involved, the relevant date(s), the relevant place(s) of employment, the number and/or frequency of any such advance(s), whether such advance(s) were welcome or unwelcome, whether you or the other person(s) involved ever complained in any way regarding any such advance(s), and the length and duration of any such relationship(s).

(Def.'s Mot. to Compel, Ex. A).

Plaintiff answered as follows: "Under Rule 412, Federal Rules of Evidence, as amended in 1994, evidence of the victim's prior sexual conduct is not admissible. Thus, this interrogatory is not reasonably calculated to lead to the discovery of relevant evidence." *Id.*

Although not raised in the pleadings, Defendants now assert a "sexual aggressor" defense. They contend (in the present motion and at the February status conference) that Plaintiff, rather than Defendant Zabihi, was in fact the sexual aggressor making sexual advances towards Zabihi in the workplace. (Def.'s Mot. to Compel at 4). Thus, Defendants essentially defend this action by claiming that Plaintiff cannot show that the sexual harassing behavior was unwelcome. This defense goes to one of the elements generally required to prove sexual harassment: that the sexually harassing behavior complained of be unsolicited or unincited and which is undesirable or offensive to the plaintiff. *See, e.g., Jones v. Flagship Int'l,* 793 F.2d 714, 719 (5th Cir.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 952, 93 L.Ed.2d 1001 (1987).

## 3. Federal Rule of Evidence 412

Rule 412 of the Federal Rules of Evidence addresses the relevance of an alleged victim's past sexual behavior or alleged sexual predisposition, and applies to both criminal and civil cases. It was promulgated to shield victims of rape and sexual harassment from potential embarrassment and to safeguard them against stereotypical thinking. FED. R.EVID. 412 advisory committee's note. In civil cases, the rule establishes a presumption of inadmissibility unless (1) the evidence is otherwise admissible under the Federal Rules of Evidence and (2) its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. FED.R.EVID. 412(b)(2). Further, evidence of the alleged victim's reputation is admissible only if the alleged victim places it in controversy. *Id.* Finally, Rule 412 sets forth a procedural process for determining the admissibility before trial of any evidence covered by the rule. FED.R.EVID. 412(c).

Although the present motion arises in the context of discovery under Rule 26 of the Federal Rules of Civil Procedure, the Court must remain mindful of Rule 412 and its implications. *See* Paul Nicholas Monnin, *Proving Welcomeness: The Admissibility of Evidence of Sexual History in Sexual Harassment Claims Under the 1994 Amendments to Federal Rule of Evidence 412,* 48 Vand.L.Rev. 1155, 1197–98 (1995). The Advisory Committee addressed the relationship between the two rules in its notes to the 1994 amendments:

> The procedures set forth in subdivision (c) do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases, which will be continued to be governed by Fed.R.Civ.P. 26. In order not to undermine the rationale of Rule 412, how-

ever, courts should enter appropriate orders pursuant to Fed.R.Civ.P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery. FED.R.EVID. 412 advisory committee's note. Therefore, I find that Rule 412 is applicable and has significance in deciding the present discovery motion. Consequently, I find that Defendants' assertion that Plaintiff has waived all objections to answering the interrogatory by asserting Rule 412 to be without merit.

### 4. Evidence of Habit under Rule 406

One argument advanced by Defendant in their motion to compel is that the evidence sought goes to show habit under Rule 406. On this point, I find the court's reasoning in *Priest v. Rotary*, 98 F.R.D. 755, 758–59 (N.D.Cal.1983), persuasive and squarely on point. Accordingly, I will deny this basis of Defendants' motion because it is devoid of merit.

### 5. Evidence Related to the Sexual Aggressor Theory

Rule 26(b) of the Federal Rules of Civil Procedure allows for a broad range of discovery in that "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b). Hence, the information sought in Defendants' Interrogatory No. 1 is not required to be admissible evidence itself, but it must seem reasonably calculated to lead to the discovery of admissible evidence somewhere down the road.

Therefore, the proper query before this Court is whether the information sought in Interrogatory No. 1 is reasonably calculated to lead to the discovery of admissible evidence in light of the parties' claims and defenses, while remaining mindful of the policy underlying Rule 412 that protects victims of sexual misconduct from undue embarrass-

ment and intrusion into their private affairs. After carefully balancing the various policy considerations and examining the specific claims and theories of this case, I find that the information sought in Interrogatory No. 1 should be narrowly tailored to allow for some discovery while also protecting Plaintiff's privacy interests.

At the outset, it should be noted that at this juncture, the Court is hindered in making a ruling because the Court has not seen the information sought by Defendants. If this were instead a motion to determine the evidentiary admissibility of Plaintiff's sexual conduct, the parties and the Court would proceed in accordance with Rule 412(c), which provides, *inter alia*, that the court conduct an *in camera* hearing and afford the parties a right to be heard. FED.R.EVID. 412(c). Further, the motion, related papers and record of the hearing would be sealed and remain sealed until further court order. *Id.* In the present discovery motion, I do not have the information needed to make a final decision on the information sought. Therefore, I will employ several of the procedural safeguards used in a Rule 412(c) proceeding in the context of the present Rule 26 discovery motion. This will serve the purpose of providing the Court with the information sought by Defendant so that I can make a decision based on the competing interests of protecting Plaintiff's private affairs while allowing discovery related to the theories of this case.

I find that Interrogatory No. 1 is required to be answered by Plaintiff, subject to the following limitations. First, I find the interrogatory to be overly broad. It will be limited to inquiring about matters occurring three years before the alleged incidents of sexual harassment by Defendant Zabihi. Second, the word "personal" in subsections (a), (b) and (c) of Interrogatory No. 1 will be stricken for vagueness. Third, Plaintiff is not required to answer about any matter involving the co-worker who later became her spouse.

The interrogatory will be answered under oath, sealed and submitted to Mr. Robert Lohbeck, Defendants' attorney, **PERSONALLY AND FOR HIS REVIEW ONLY.**

Mr. Lohbeck is prohibited from divulging any information contained in Plaintiff's answer to anyone, including his clients, without (1) a motion by Defendants; (2) a hearing on the matter; and (3) an order from the Court.

I wish to emphasize that this order applies only in the context of the discovery stage of this action and nothing in this order should be construed to pertain to the admissibility of this information at trial under Rule 412.

**THEREFORE, IT IS ORDERED** that:

1. Interrogatory No. 1 is limited to inquiring about matters occurring three years before the alleged incidents of sexual harassment by Defendant Zabihi;

2. the word "personal" in subsections (a), (b) and (c) will be stricken from Interrogatory No. 1 for vagueness;

3. the Plaintiff is not required to answer about any matter involving her co-worker who later became her spouse;

4. the Plaintiff shall answer Interrogatory No. 1, subject to the aforementioned limitations, under oath;

5. Plaintiff's answer to Interrogatory No. 1 shall be sealed and submitted to Robert Lohbeck, Defendants' attorney, **PERSONALLY AND FOR HIS REVIEW ONLY;**

6. Mr. Lohbeck is prohibited from divulging any information contained in Plaintiff's answer to anyone, including his clients, without (a) a motion by Defendants; (b) a hearing on the matter; and (c) an order from the Court; and

7. nothing in this Order should be construed to pertain to the admissibility of the information requested in Interrogatory No. 1 at trial under Rule 412 of the Federal Rules of Evidence.