**Darline ADAMS, Plaintiff,**

v.

**THE GOODYEAR TIRE & RUBBER COMPANY, et al., Defendants.**

No. 96–4228–SAC.

United States District Court,
D. Kansas,
Topeka Division.

Aug. 28, 1998.

---

Cheryl D. Myers, Michael B. Myers, Myers & Myers, Topeka, KS, for Darline Adams, plaintiff.

Tammy L. Womack, Jay P Yancey, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Deborah A Neubauer, The Goodyear Tire & Rubber Co., Law Department, Akron, OH, for Goodyear Tire and Rubber Company, defendant.

Deborah L. Hughes, Scott, Quinlan & Hecht, Topeka, KS, for Dewey Washington, defendant.

### MEMORANDUM AND ORDER

CROW, Senior District Judge.

This employment discrimination case comes before the court on several motions for extension of time, a Rule 56(f) motion, a motion to withdraw and substitute, and a motion for sanctions. Because the court was involved in a lengthy and complicated trial this past spring, several motions for extension were not timely addressed. The court apologizes for that delay and any inconvenience to the parties. To restore this case to some schedule, the district court will decide now most of the pending matters except for the dispositive motions. In doing so, the court will summarize the procedural history behind those motions.

### PROCEDURAL HISTORY

The defendant Goodyear Tire & Rubber Company ("Goodyear") filed a motion for summary judgment on January 20, 1998, and a memorandum of law in compliance with the

court's Procedural Guidelines on February 5, 1998. (Dks. 104, 110). The plaintiff thereafter filed a motion for extension of time to March 26, 1998, for filing her response, (Dk. 114). The court granted this motion. (Dk. 115). On March 26, 1998, the plaintiff filed another motion for extension of time requesting until May 11, 1998, to file her response. (Dk. 127). The court also granted this motion. (Dk. 129).

On May 11, 1998, the plaintiff filed her third motion for extension of time asking until June 12, 1998, to file her response. (Dk. 136). Just as with the prior two motions, the defendant Goodyear filed no opposition to the plaintiff's motion for extension. Goodyear, however, did file a motion to extend the time for filing its motion in limine to exclude evidence of unrelated sexual harassment or discrimination complaints until thirty days after the plaintiff files her response to Goodyear's summary judgment motion. (Dk. 37). The court has entered no order deciding either motion.

On June 12, 1998, the plaintiff filed her fourth motion to extend the time for filing her response to Goodyear's motion to June 26, 1998. (Dk. 143). Goodyear opposed this motion (Dk. 145), pointing out that the plaintiff's response was originally due almost four months earlier. Goodyear accused the plaintiff of taking advantage of the leeway repeatedly given her and opined that the press of other cases does not justify more than three extensions. The court has not entered any order deciding this motion.

On June 25, 1998, the plaintiff filed her fifth motion for extension of time requesting until July 13, 1998. (Dk. 148). In opposing this motion, Goodyear argued that the plaintiff mistitled her motion for "she is actually requesting leave to file her response two months out of time." (Dk. 152, p. 1). In the same filing, Goodyear asked the court to grant its summary judgment motion as uncontested.

On July 13, 1998, the plaintiff filed what is entitled "Plaintiff's Federal Rule of Civil Procedure Rule 56(f) Motion." (Dk. 154). By this motion, the plaintiff asks for the following:

that the Court refuse Goodyear's application for judgment and order a continuance pursuant to Federal Rule of Civil Procedure 56(f) to permit affidavits to be obtained, depositions to be taken and discovery to be had as a result of adverse events that have occurred as a result of Goodyear's actions and omissions since the pretrial in this matter and evidence plaintiff newly discovered on July 8 and 9, 1998 regarding Goodyear's bargaining agreements with the Union and Goodyear's failure to disclose documents and evidence to the plaintiff regarding these matters pursuant to Goodyear's continuing duty to supplement discovery until the time of trial.

(Dk. 154, p. 1). Goodyear strenuously opposes the plaintiff's motion arguing that the plaintiff's affidavit does not satisfy Rule 56(f) and that the plaintiff has had more than sufficient time and opportunity to discover this evidence prior to July of 1998. (Dk. 161).

On April 10, 1998, the defendant Dewey Washington filed a motion for summary judgment. (Dk. 132). The plaintiff moved for extension of time to June 1, 1998, to file her response. (Dk. 134). The court granted this motion. (Dk. 135).

On June 1, 1998, the plaintiff filed a motion for sanctions charging that the defendant Washington's motion for summary judgment violated Fed.R.Civ.P. 11 and Fed.R.Evid. 412 in containing "allegations designed to prove the alleged sexual behavior and predisposition of plaintiff." (Dk. 139). Also on June 1, 1998, the plaintiff filed a motion for extension of time giving her twenty-one days after the court decides the plaintiff's motion for sanctions to file her response to the summary judgment motion. (Dk. 138). The defendant Washington moved to strike the plaintiff's motion for sanctions (Dk. 141), but he later moved to withdraw the motion to strike and to substitute a proposed motion for determination. (Dk. 150). In this proposed motion, the defendant asks the court to find that the plaintiff's motion for sanctions is not properly before the court, because the plaintiff has failed to comply with the safe harbor provision of Rule 11. (Dk. 150).

## MOTIONS RE: GOODYEAR'S SUMMARY JUDGMENT MOTION

The plaintiff's response to Goodyear's summary judgment motion was originally due February 24, 1998. With the granting of her second motion for extension of time, the plaintiff's original twenty-day response time had been enlarged by another seventy-six days. Her third extension request sought another thirty-two days, her fourth request was for fourteen days, and her fifth request was for another seventeen days. The plaintiff filed her Rule 56(f) motion on July 13, 1998. As of that date, approximately 149 days had passed from the original due date without the plaintiff filing any opposition to Goodyear's motion for summary judgment. In other words, the plaintiff has had 169 days, or more than eight times the period allotted by local rule, to file a substantive response in opposition to summary judgment. Instead, the plaintiff has filed a Rule 56(f) motion asking for even more time before filing a response. Such dilatory behavior cannot be condoned or even overlooked absent some compelling circumstances.

The plaintiff's motion for fifth extension of time does not make such a showing. That there allegedly has been additional acts of harassment and retaliation against her since November of 1997 is not a circumstance which otherwise prevents the plaintiff from timely responding to Goodyear's motion. As the purported victim of these illegal acts, the plaintiff is in a position to present those facts as she has observed them. The plaintiff contends for the first time in her motion for a fifth extension that she recently discovered certain written agreements which Goodyear allegedly failed to follow in her layoff from the warehouse and her transfer to the plant in 1997. The plaintiff, however, does not explain why this circumstance kept her from filing a response prior to June of 1998. The motion ends with the oft-repeated refrain that her counsel is busy with other work and cases.

This court understands the pressures of practicing law and the demands upon counsel in meeting deadlines imposed by different courts. For this reason, the court's approach to these matters has been generally accommodating when the circumstances have warranted. When it receives a first request for extension of time, the court generally accepts the attorney's representation that thoughtful consideration has been given to what additional time is needed. While it believes that this original estimate should prove to be accurate in most instances, the court appreciates that there can be unique or unusual circumstances which counsel was unable to anticipate earlier. Consequently, the court frequently grants a second request but scrutinizes closely all subsequent requests for extension of time. "'Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.'" *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir.1990) (quoting *Pinero Schroeder v. Federal Nat'l Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir.1978)).

■ Extensions of time are committed to the sound discretion of the trial court. *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir.1995). The court must be mindful of several considerations in exercising that discretion. To maintain control over its docket and to ensure its credibility, the court often must be firm in setting deadlines and in enforcing them. Such deadlines and the rules for extending them are "'intended to force parties and their attorneys to be diligent in prosecuting their causes of action.'" *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996) (quoting *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir.1988)). "'There comes a point when the question arises who is running the court—counsel, or the judge. To this there can be but one answer.'" *Mendez*, 900 F.2d at 7 (quoting *Higuera v. Pueblo Int'l, Inc.*, 585 F.2d 555, 557 (1st Cir.1978)). Thus, courts are empowered to ignore untimely filings or to impose other consequences for dilatory behavior. "Were the rule otherwise, enlargements of time would be an idle ceremony, and the lawyers, not the judge would be running the docket." *Mendez*, 900 F.2d at 8. In short, "[r]ules are rules—and the parties must play by them." *Mendez*, 900 F.2d at 7.

The plaintiff's motion for relief under Rule 56(f) fails to provide the circumstances justifying such dilatory conduct. The strict and well-established standards governing Rule 56(f) motions show the plaintiff's motion to be deficient in several respects. For these reasons and the inferences that arise from its filing, the plaintiff's 56(f) motion appears to be nothing more than a poorly disguised sixth request for extension of time.

■ Rule 56(f) of the Federal Rules of Civil Procedure [1] allows a party opposing a motion for summary judgment to seek deferral of a ruling pending discovery of essential facts. *See Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1521–22 (10th Cir.1992). A Rule 56(f) motion is committed to the district court's sound discretion. *See International Surplus Lines Ins. Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir.1995); *see Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir.1984). Such motions are liberally construed unless dilatory or lacking in merit. *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993). "When a party files an affidavit under Rule 56(f) for additional discovery time, ... [t]he trial court may deny the affiant's request for additional time, deny the motion for summary judgment, order a continuance for additional discovery or make such other order as is just." *Jensen*, 998 F.2d at 1553–54 (citations and quotation omitted). "[I]f the party filing the Rule 56(f) affidavit has been dilatory, or the information sought is irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Id.* at 1554.

■ Rule 56(f) is not "invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir.1986). Furthermore, "a mere assertion that the evidence supporting a [party's] allegation is in the hands of the [opposing party] is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir.1985) (quoting *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d at 1264).

■ Rather, the party seeking Rule 56(f) relief must submit an affidavit explaining why it cannot present facts which would preclude the entry of summary judgment without further discovery. *See DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir.1993); *Committee for First Amendment v. Campbell*, 962 F.2d at 1522 (counsel's advocacy does not suffice for evidence or fact for purposes of Rule 56(f)). A Rule 56(f) affidavit must contain more than a mere assertion that further discovery is necessary. It must identify the probable facts which are now unavailable and list the steps already "taken to obtain these facts." *Committee for First Amendment*, 962 F.2d at 1522 (citation omitted). It must also "state with specificity why extra time is needed and how the additional time and material will rebut the summary judgment motion." *International Surplus Lines Ins. Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d at 905. "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." *Id.* (quotation omitted). The failure to file a Rule 56(f) affidavit alone can be enough to reject a claim that the opportunity for discovery was inadequate. *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir.1985); *see also Weir v. Anaconda Co.*, 773 F.2d 1073, 1082 n. 10 (10th Cir.1985). *But see Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) ("Even in the absence of a properly supported request under Rule 56(f), a district court may, in the interest of justice, allow a party additional time to marshal what evi-

1. Rule 56(f) provides:
   Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

dence he does have in opposition to a summary judgment motion").

■ The court finds the plaintiff's motion to be without merit. The plaintiff's affidavit falls short of the Tenth Circuit's standards for 56(f) affidavits. It does not identify "probable facts not available." The affidavit only describes documents that the plaintiff already possesses and facts that the plaintiff already knows. The affidavit utterly fails to explain why she cannot present facts which would preclude entry of summary judgment without further discovery. If anything, the plaintiff personally avers the very facts which she claims would defeat summary judgment. The affidavit does not even purport to state with specificity why extra time is needed and how it is needed to rebut the summary judgment motion. Finally, the affidavit does not outline the steps taken to discover any probable, relevant facts.

"[C]ounsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver." *Committee for the First Amendment*, 962 F.2d at 1522. Even if plaintiff's counseled memorandum were to be construed as the requisite affidavit, the submission does not meet the requirements of Rule 56(f). For instance, the memorandum provides no information on the steps plaintiff had already taken to obtain discovery. The memorandum is largely based on speculation that additional evidence might exist concerning documents already in her possession[2] and on events during which she was present.[3] Finally, the record reflects that plaintiff was dilatory. She made no attempt to obtain discovery about these documents or events until June of 1998, months after having knowledge of them and months after her

response to the summary judgment motion was due. For all of these reasons, the court denies the plaintiff's motion for Rule 56(f) relief.

The court has given serious consideration to denying the plaintiff's motions for extension of time and to deciding the defendant Goodyear's summary judgment motion as uncontested. Though such action would be well within its discretion under the circumstances, the court chooses instead to give the plaintiff one **final** extension of time for filing her response. If no response is received within fifteen calendar days of this order, the court will consider the plaintiff to have waived her right to respond and will decide Goodyear's summary judgment motion as uncontested. The court also admonishes the plaintiff's counsel that the practice of filing numerous requests for extensions of time will no longer be tolerated in this case or in any other case pending before this court in which counsel may be involved. This practice causes extended delays that reflect poorly on the bar and the judicial system and that interfere with the court's ability to manage its docket. On this subject, the Fifth and Seventh Circuits have expressed similar concerns:

> "[D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial practice; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings."

*Spears v. City of Indianapolis,* 74 F.3d 153, 157–58 (7th Cir.1996) (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.

---

**2.** In her deposition taken on October 2, 1997, the plaintiff testified that she had a copy of the new plant agreement which governed her employment after her recall. According to the defendant, the letter agreement of August 27, 1997, was part of that plant agreement. The plaintiff has not demonstrated the relevance of the new warehouse agreement, which was only recently printed and made available, to any possible claim she has asserted or could assert. Consequently, as of October of 1997, the plaintiff apparently had in her possession all of the necessary documents.

**3.** The plaintiff's affidavit specifically identifies only one other alleged event, and it is alleged to have occurred in December of 1997. The plaintiff does not offer any reason why she would be unable to submit the same in opposition to the summary judgment motion. Speculation that discovery might yield additional facts about these events or about other events is an insufficient reason for reopening discovery and deferring the summary judgment proceeding.

1990)). This court will no longer tolerate the plaintiff's counsel's practice of seeking numerous extensions of time.

## MOTIONS RE: WASHINGTON'S SUMMARY JUDGMENT MOTION

■ The court finds no facial merit to the plaintiff's motion for sanctions under Fed. R.Civ.P. 11 and Fed.R.Evid. 412. Because she filed her motion for sanctions without waiting twenty-one days after service upon the defendant Washington, the plaintiff is precluded from seeking sanctions pursuant to Fed.R.Civ.P. 11. *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528 (10th Cir.1997). Rule 412 does not specify sanctions for a violation of its terms. The plaintiff's call for the court to exercise its inherent power to sanction a party is not persuasive. Neither the facts nor the allegations here come close to showing a party acting "in bad faith, vexatiously, wantonly or for oppressive reasons." *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Thus, the plaintiff has not identified any viable legal vehicle for sanctioning the defendant.

Subject to specific exceptions, Rule 412 bars the admission of two categories of evidence. First, "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" is generally inadmissible. Fed.R.Evid. 412(a)(1). As explained in the Advisory Committee Notes to the 1994 Amendments, "other sexual behavior includes all activities, except for those intrinsic to the alleged sexual misconduct, that involve actual physical conduct, i.e. sexual intercourse or sexual contact," or that involve "the mind, such as fantasies or dreams." Second, "[e]vidence offered to prove any alleged victim's sexual predisposition" is generally inadmissible under Rule 412(a)(2). This provision reaches evidence "relating to the alleged victim's mode of dress, speech, or life-style" and other evidence "that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the factfinder." Advisory Committee Notes, 1994 Amendment to Fed. R.Evid. 412. *See Sheffield v. Hilltop Sand & Gravel Co., Inc.,* 895 F.Supp. 105, 108 (E.D.Va.1995).

As amended in 1994, Rule 412 "expand[s] protection afforded alleged victims of sexual misconduct" and "safeguard[s] the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Advisory Committee Notes, 1994 Amendment to Fed.R.Evid. 412. The Advisory Committee Notes also make clear that Rule 412 now applies to civil cases "involving sexual misconduct" and to Title VII sexual harassment cases in particular. *See Herchenroeder v. Johns Hopkins University,* 171 F.R.D. 179, 181 (D.Md.1997).

The plaintiff bases her allegation of a Rule 412 violation on the defendant Washington's summary judgment memorandum and, specifically, on paragraph eighteen of the defendant's statement of undisputed facts and on pages nine and ten of attached exhibit six. Nowhere in her motion does the plaintiff specifically allege what evidence cited in that statement of fact actually violates Rule 412.[4] Paragraph eighteen simply states that the plaintiff hired a psychiatrist to examine her and to render an evaluation and that this evaluation is attached as exhibit six. Pages nine and ten of Dr. Logan's report do not contain any evidence of other sexual behavior by the plaintiff. The court fails to see how the fact that the plaintiff is divorced and has a boyfriend is evidence of other sexual behav-

---

4. At page six of her supporting memorandum, the plaintiff argues:

Herein, defendants have filed alleged evidence in support of their summary judgment motion with the ostensibly specific motive of proving that Ms. Adams engaged in certain sexual behaviors and that she had a predisposition to participate in such conduct. *See* particularly, Washington Memorandum, Statement of Undisputed Material Facts 18, Exhibit 6

Psychiatric Evaluation of Darline Adams (page 9 and 10) and deposition testimony and documents cited in support.

(Dk. 140, p. 6). The plaintiff complains about the defendant's use of Dr. "Logan's report like an affidavit to support defendant's conclusory allegation that plaintiff's distress is either insufficiently severe and/or caused by defendant Goodyear and not defendant Washington." (Dk. 140, p. 9).

ior under Rule 412. Nor does the report ostensibly contain evidence offered to prove the plaintiff's sexual predisposition. Indeed, the plaintiff does not argue what evidence found in Dr. Logan's report is purportedly being used to suggest or prove any sexual connotation. It seems an unreasonably far stretch to infer any from the fact that the plaintiff is divorced and a single mother or from the fact that her ex-husband, as well as her current boyfriend, may have been physically abusive on occasion. In short, the plaintiff's motion utterly fails to demonstrate how the defendant Washington's summary judgment memorandum violates any terms of Rule 412.[5]

Just as with Goodyear's motion, the plaintiff has not filed any response to Washington's motion which has been pending over four months. The court shall give the plaintiff an additional twenty-one calendar from the filing date of this order to file her response. This shall be the plaintiff's last extension for filing this response absent compelling circumstances.

IT IS THEREFORE ORDERED that the plaintiff's third motion for extension of time (Dk. 136) is granted;

IT IS FURTHER ORDERED that the defendant Goodyear's motion for an extension of time until thirty days after the plaintiff files her summary judgment response to file a motion in limine to exclude evidence of unrelated sexual harassment or discrimination complaints (Dk. 137) is granted;

IT IS FURTHER ORDERED that the plaintiff's fourth motion for extension of time (Dk. 143) is granted;

IT IS FURTHER ORDERED that the plaintiff's fifth motion for extension of time (Dk. 148) is granted;

IT IS FURTHER ORDERED that the defendant Goodyear's motion to treat its summary judgment motion as uncontested (Dk. 152) is denied;

IT IS FURTHER ORDERED that the plaintiff's Rule 56(f) motion (Dk. 154) is denied and the plaintiff shall file her response to the defendant Goodyear's motion for summary judgment no later than fifteen calendar days after this order is filed;

IT IS FURTHER ORDERED that the plaintiff's motion for sanctions against defendant Washington (Dk. 139) is denied;

IT IS FURTHER ORDERED that the plaintiff's motion for extension of time (Dk. 146) to respond to the defendant Washington's motion to strike is granted;

IT IS FURTHER ORDERED that the defendant Washington's motion to withdraw motion to strike (Dk. 141) the plaintiff's motion for sanctions and to substitute motion for determination (Dk. 150) is granted;

IT IS FURTHER ORDERED that the defendant Washington's motion to extend time to respond to the plaintiff's motion for sanctions (Dk. 144) is denied as moot;

IT IS FURTHER ORDERED that the plaintiff's motion to extend the time for filing her response to the defendant's motion for summary judgment (Dk. 138) is granted in part, and the plaintiff shall file her response no later than twenty-one calendar days after the filing date of this order.

---

5. The court is not taking any position on whether Rule 412 even applies to summary judgment proceedings. *See* 23 Charles A. Wright and Kenneth W. Graham, Jr., *Federal Practice and Procedure: Evidence,* § 5391.1 (1998 Supp.) (Rule 412(c)(2) is not applicable to discovery or the use of sexual behavior to prove preliminary facts or other uses that do not involve admission in evidence, such as a motion for summary judgment.).