Clarissa A. BARTA and Steve
T. Barta, Plaintiffs,

v.

CITY AND COUNTY OF HONOLULU,
et al., Defendants.

Civil No. 94–00572 ACK.

United States District Court,
D. Hawaii.

Aug. 23, 1996.

Stanley E. Levin, Mark S. Davis, Anne L. Williams, Davis Levin Livingston Grande, Honolulu, HI, for Plaintiffs.

Lyle S. Hosoda, Mark M. Hirokawa, Perkin & Hosoda, Honolulu, HI, for Clarence DeCaires.

Cary T. Tanaka, Tanoue & Tanaka, Honolulu, HI, for Phillip Sunada.

Elbridge W. Smith, Smith & Himmelmann, Honolulu, HI, for American Civil Liberties Union—Hawaii.

Hilary Benson Gangnes, Trecker & Fritz, Honolulu, HI, for Hawaii Women Lawyers.

James C. Butt, Deputy Corporation Counsel, City & County of Honolulu and William C. McCorriston, Nadine Y. Ando, Christopher J. Cole, McCorriston Miho Miller & Mukai, Honolulu, HI, for City and County of Honolulu.

Melvyn M. Miyagi, Deborah Chen, Reid Richards & Miyagi, Honolulu, HI, for Edward Akiona.

Emlyn H. Higa, Honolulu, HI, for Tom Hirayama.

Louise K.Y. Ing, Alston Hunt Floyd & Ing, Honolulu, HI, for National Organization for Women.

## ORDER GRANTING PLAINTIFFS' MOTION FOR AN ORDER PRECLUDING DISCOVERY INTO PLAINTIFF CLARISSA BARTA'S SEXUAL CONDUCT AND PROTECTIVE ORDER

KURRAN, United States Magistrate Judge.

On May 22, 1996, Plaintiffs filed their Motion for an Order Precluding Discovery Into Plaintiff Clarissa Barta's Sexual Conduct Outside the Workplace ("Plaintiffs' Motion"). On June 10, 1996, Defendants City and County of Honolulu ("C & C"), Edward Akiona ("Akiona"), Philip Sunada ("Sunada"); and

Defendants Clarence Decaires Calvin Chung, Leo Porter, Newton Yuen, Stephen Gerona, and Gary Lahens ("Decaires et al.") filed their Memoranda in Opposition to Plaintiffs' Motion.[1] Defendant Tom Hirayama filed his Joinder in Any and All Memoranda in Opposition to Plaintiffs' Motion on June 14, 1996. On that same day, Plaintiffs filed their Reply Memorandum with respect to the memoranda filed by C & C, Akiona, Sunada, and Decaires et al.

On June 24, 1996, the National Organization for Women ("NOW"), Hawaii Women Lawyers ("HWL"), and American Civil Liberties Union ("ACLU") (sometimes collectively referred to as the "Amici") moved this court for leave to participate Amici Curiae in connection with Plaintiffs' Motion. This court granted the Amici's Motion and ordered the Amici to file their brief in support of Plaintiffs' Motion by July 25, 1996 however the court ordered that the Amici would not be permitted to participate in oral argument of Plaintiffs' Motion.

For the reasons set out below, the court GRANTS Plaintiffs' Motion and enters a Protective Order. Subsequent to the filing of this Order, the court directs the clerk to terminate Amici NOW, HWL, and ACLU as parties of record in this case.

## BACKGROUND

Plaintiffs' Second Amended Complaint alleges claims for sexual harassment, assault, battery, false imprisonment, infliction of emotional distress, retaliation, racial and sex discrimination based upon Clarissa Barta's employment by C & C as a police officer at the Airport Division of the HPD. (Second Amended Complaint, filed June 1, 1995.)

Plaintiffs bring their motion following discovery conducted by Defendants which Plaintiffs found objectionable[2] for delving into

1. C & C filed their Memorandum under seal per Order of this court filed June 27, 1996.

2. Defendants argue that Plaintiffs' Motion should be denied for their failure to meet and confer per L.R. 230-4(a). On June 13, Plaintiffs filed both an Affidavit of Susan A. Araki and a Certificate of Compliance with L.R. 230-4(b) to explain the inadvertent omission of the required certificate

of compliance with this District's Local Rule. Although Plaintiffs may have failed to conduct a separate conference to voice their objections, it is apparent to the court that their objections were conveyed at the time of the depositions in question and that further discussion would be unavailing due to the entrenchment of the parties' position on the discovery issue presented. The

Clarissa Barta's sexual conduct outside the workplace.[3] By their Motion, Plaintiffs seek an order precluding Defendants "from engaging in any discovery which concerns Plaintiff Clarissa Barta's sexual conduct outside the workplace." Plaintiffs base their motion on Rules 7 and 26 of the Federal Rules of Civil Procedure.

The instances of objectionable discovery cited by Plaintiffs occurred at the oral depositions of Sheila Nitta and Leighton Fujinaka and included Defendants' counsel's questioning Fujinaka whether he and Clarissa Barta had had sexual relations and questioning Nitta, a former roommate of Clarissa Barta, whether she knew if Clarissa Barta dated and whom she dated.[4] Plaintiffs' counsel described Nitta's testimony as "sexual incidents" which amount to rumors and innuendo. (Pls.' Mem. in Supp. at 7.) At her deposition, Nitta was asked whether Clarissa Barta dated during the time they lived together. In addition, Nitta was asked to describe two incidents involving sexual conduct by Clarissa Barta which were told to Nitta, of which she had no personal knowledge.[5]

## DISCUSSION

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure ("Rule 26(b)(1)"), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... which appears reasonably calculated to lead to the discovery of admissible evidence."

Rule 412 of the Federal Rules of Evidence ("Rule 412") provides in pertinent part:

(a) Evidence generally inadmissible.—The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

(1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.

(2) Evidence offered to prove any alleged victim's sexual predisposition.

(b) Exceptions.— ...

(2) In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim.

Fed.R.Evid. 412.

Plaintiffs argue that despite the broad discovery permitted by Rule 26(b)(1), discovery

---

court deems the requirements of L.R. 230–4(a) to have been satisfied.

**3.** Plaintiffs use "workplace" to encompass the Airport Division of the Honolulu Police Department ("HPD") from September 1988 until Clarissa Barta's termination. (Pls.' Mem. in Supp. at 2.) The court adopts this definition for the purposes of this Order with the understanding that "termination" means termination from the HPD.

**4.** Plaintiffs' counsel has supplied the court with excerpts of Nitta's deposition. Plaintiffs argue that the purpose of Defendants' counsel's questions of Nitta were to collect " 'rumors' and other hearsay that Ms. Nitta had heard about sexual conduct engaged [in] by Ms. Barta years before." (Pls.' Mem. in Supp. at 5.) The excerpted deposition testimony of Nitta demonstrates that Defense counsel asked Nitta if Clarissa Barta *dated* anyone during the time Nitta and Barta lived on Kaunaoa Street. After responding in the affirmative, Nitta asked if counsel would like her to provide the names of HPD officers whom Clarissa Barta dated; Nitta went on to

provide those names over Plaintiffs' counsel's objection based upon Fed.R.Evid. 412.

**5.** Plaintiffs describe the relevant portion of Nitta's deposition as follows:

Ms. Nitta is asked [to relate] two incidents which she heard from other policemen that involved Ms. Barta. One involved an alleged party, off-duty, outside of the workplace, in which she was supposedly found in a compromising position with a male police officer. This was not something that Ms. Nitta claimed to witness herself, but which she 'heard' about through third parties.

The other incident involved a claim by a male police officer, years after the alleged incident, that Clarissa had tried to seduce him. He did not claim that there had been any sexual relations only that it was his impression that she wanted to seduce him. Again these facts were told to Ms. Nitta long after the incident and she had no personal knowledge of the facts.

(Pls.' Mem. in Supp. at 7.)

of Clarissa Barta's sexual conduct outside the workplace is not permissible, because in any event it will be barred from admission by Rule 412. Plaintiffs contend that the objectionable discovery efforts "to date have the goal of unearthing every bit of possible sexual conduct in which she might have engaged in the years before she began work at the Airport or in social situations totally unrelated to her allegations of sexual harassment, all for the purpose of harassment and intimidation." (Pls.' Mem. in Supp. at 5.)

Defendants contend, *inter alia,* that Rule 412 is a rule regarding the admissibility of evidence which does not control the discovery process or the application of Rule 26(b)(1). Furthermore, Defendants argue that discovery is necessary to support their defenses and counterclaims, in particular regarding welcomeness or consent to the behavior by Clarissa Barta, as well as issues of causation, damages, and apportionment. (C & C Mem. in Opp'n at 5–10.) Defendants also argue that Plaintiff Clarissa Barta has placed her credibility in issue and therefore her sexual conduct outside the workplace is discoverable; Defendants base their credibility argument on testimony and evidence concerning Clarissa Barta's practice and adherence (or lack thereof) to the teachings of The Church of Jesus Christ of Latter–Day Saints (hereinafter sometimes referred to as the "Mormon Church"). (Decaires' Mem. in Opp'n at 5.)

█ Although Rule 412 is a rule controlling the admissibility of evidence rather than its discoverability, Rule 412 must inform the proper scope of discovery in this case. As noted in the Amici Brief, a central purpose of Rule 412 is to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Rule 412, Advisory Committee Notes to 1994 Amendments (hereinafter "Rule 412, Advisory Committee Notes"). In order to carry out this purpose of Rule 412, the Rule must inform the discovery process and this court's ruling on Plaintiffs' Motion. In recognition of the policy rationale for Rule 412, the court must impose certain restrictions on discovery to

preclude inquiry into areas which will clearly fail to satisfy the balancing test of Rule 412(b)(2), although the trial judge will render the decisions on what evidence is ultimately admitted.

Under Rule 412, evidence of the alleged victim's prior sexual conduct (predisposition or behavior) is presumptively *inadmissible* unless its "probative value *substantially* outweighs the danger of harm to any victim and of unfair prejudice to any party." Rule 412(b)(2) (emphasis added). Rule 412 then must constrict the broad scope of Rule 26(b)(1). Indeed, in commenting upon the procedure upon which admissibility is determined, the Advisory Committee noted that:

> [i]n order not to undermine the rationale of Rule 412, however, court should enter appropriate orders pursuant to Fed.R.Civ.P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case and cannot be obtained except through discovery.

Fed.R.Evid 412, Advisory Committee Notes, Subdivision (c).

█ The court is convinced by Defendants' arguments that the sexual conduct of Clarissa Barta on-duty, at the workplace, and with the named Defendants is relevant to resolution of her claims and that reasonable leeway for discovery of evidence pertaining to those areas is appropriate. *Sanchez v. Zabihi,* 166 F.R.D. 500, 502–03 (D.N.M.1996); *Mitchell v. Hutchings,* 116 F.R.D. 481, 484 (D.Utah 1987). Indeed, *Meritor Savings v. Vinson,* relied upon by Defendants, held (albeit prior to the 1994 amendments to Rule 412) that it was within the discretion of the trial court to find that on the job dress and speech were relevant and admissible to show welcomeness of advances in a sexual harassment suit. 477 U.S. 57, 68–69, 106 S.Ct. 2399, 2406–07, 91 L.Ed.2d 49 (1986). In another case relied upon by Defendants, the court in *Sheffield v. Hilltop Sand & Gravel Co., Inc.* found that evidence of sexually explicit discussions between the plaintiff and a defendant/co-worker

at the place of employment were relevant to the issue of welcomeness and would be admissible under the newly amended Rule 412.[6] 895 F.Supp. 105, 109 (E.D.Va.1995).

■ However, this court does not find that Rule 26(b)(1) requires that Defendants be permitted to inquire into Plaintiff Clarissa Barta's sexual conduct while she was off-duty, outside the workplace (HPD Airport Division, September 1988 until her termination from HPD), *and* which did not involve conduct with the named Defendants.[7] Clarissa Barta's sexual conduct in that defined area, remote in time and/or kind from her claims, has no relevance to her claims or applicable defenses—"[t]he fact that the plaintiff[ ] may welcome sexual advances from certain individuals has absolutely no bearing on the emotional trauma [she] may feel from sexual harassment that is unwelcome. Past sexual conduct does not callous one to subsequent, unwelcomed sexual advancements." *Mitchell,* 116 F.R.D. at 485.

Defendants cite to *Government of the Virgin Islands v. Jacobs,* 634 F.Supp. 933 (D.V.I.1986), and *United States v. Stamper,* 766 F.Supp. 1396, 1400 (W.D.N.C.1991), as support for their argument that discovery of sexual conduct is necessary to show motive and bias and to test Clarissa Barta's credibility. (Akiona Mem. in Opp'n at 5–12.) The rulings in these criminal cases are inapplicable to the motion before the court: both pertain to introduction of sexual behavior of an alleged victim in criminal rape prosecutions and both rulings pre-date the 1994 amendments to Rule 412. Rule 412, by its plain language, is subject to certain exceptions applicable to either criminal or civil actions. The *Jacobs* and *Stamper* courts' rulings are based upon the "constitutionally required" exception in Rule 412(b)(1)(C) which is applicable only in criminal cases.

The decisions in *Jacobs* and *Stamper* stand atop a criminal defendant's Sixth Amendment right to confront witnesses. *Jacobs,* 634 F.Supp. at 940; *Stamper,* 766 F.Supp. at 1406. In this civil case, the confrontation clause is not implicated and the relevant exceptions to Rule 412 are those set out in Rule 412(b)(2).

■ Defendants have advanced the argument that Plaintiff Clarissa Barta has put her character at issue and "opened the door" to inquiry into her sexual conduct in relation to her religious beliefs. Plaintiff Clarissa Barta is a member of The Mormon Church. Defendants argue that by claiming to be a strict Mormon, yet conceding that she has engaged in activities which may be deemed to compromise her adherence to values of the Mormon Church, Clarissa Barta has placed her character at issue; Defendants urge that her prior sexual conduct must be explored to challenge her testimony concerning her devout faith as well as for the purposes of determining damages. It is apparent to the court that Defendants have not been precluded from discovery of Plaintiff Clarissa Barta's sexual experience, or lack thereof, at the time of her marriage,[8] nor have Defendants been deprived of significant discovery concerning her behavior relevant to other values central to the Mormon faith. In any event, upon review of the Defendants' arguments for obtaining such discovery concerning her character and conformity with the Mormon faith, this court is convinced that the discovery would not lead to evidence which would meet the balancing test for admissibility under Rule 412(b)(2). The ruling of this court will not deprive Defendants from discovery to test Clarissa Barta's credibility or prove the extent of her damages.

---

**6.** The *Sheffield* court refused to admit the evidence in question based upon the proponent's failure to comply with the procedures to determine admissibility of such evidence under Rule 412(c).

**7.** In an excess of caution, the court makes clear that discovery may be had concerning conduct occurring while Clarissa Barta was on-duty, on-site, *or* which involved conduct with a named Defendant.

**8.** Defendants point out that Clarissa Barta has given ambiguous or contradictory responses concerning her sexual experience at the time of her marriage to persons including medical personnel. To the extent that Clarissa Barta has responded directly to Defendants' deposition inquiries concerning that fact, the court does not find that further discovery is warranted to test it.

This Order pertains to discovery of Plaintiff Clarissa Barta's past sexual behavior or alleged sexual predisposition. This court is not convinced that discovery of the identity of Clarissa Barta's social acquaintances is included in the scope of "sexual behavior or disposition." This Order does not prohibit Defendants from making inquiries into Plaintiffs' social relationships or making inquiries in that regard to individuals with whom Clarissa Barta has allegedly had sexual contact.[9] Such discovery efforts appear reasonably calculated to lead to the identity of individuals who have relevant information and other appropriate purposes towards resolution of Plaintiffs' claims.

As an example, this court is not restricting discovery into the identity of persons with whom Clarissa Barta may have gone on dates during the time she was working at the Airport Division if the purpose of such discovery is made to identify sources of information pertaining to defenses and damages. Follow-up discovery into whether Clarissa Barta engaged in sexual relations or sexual conduct with or towards such persons is *not* permitted by this Order unless it involves named Defendants (i.e. Defendant Akiona) or occurred while Clarissa Barta was on-duty or on-site at the Airport Division.

This court is available to assist in the resolution of discovery disputes in connection with this Order, however, this court will not entertain any request for discovery assistance by conference or filed motion unless and until the parties have attempted to conduct a face-to-face conference to satisfy the terms of L.R. 230-4.

### PROTECTIVE ORDER

The court finds that discovery of Plaintiff Clarissa Barta's past sexual conduct is likely to subject her to embarrassment, oppression, or harassment. In order to limit the threat of embarrassment, oppression, or harass-ment, it is ORDERED that discovery into Clarissa Barta's sexual conduct which is permitted pursuant to this Order is further subject to a protective order. In order to protect Clarissa Barta and pursuant to Rule 26(c), Federal Rules of Civil Procedure, discovery permitted under this Order shall be maintained as confidential by the parties and their counsel, shall be used only for the purposes of this lawsuit, and shall not be distributed to third parties not joined in this action or their representatives. To the extent practicable, material produced through discovery pursuant to this Order and which relates to or describes sexual conduct by Plaintiff Clarissa Barta shall only be deposited with the court under seal in accordance with the provisions of Rule 412.

### SANCTIONS

In their Reply Memorandum, Plaintiffs ask the court to enter sanctions against Defendants (other than C & C, which submitted materials under seal) to preclude them from using the Rule 412–type matter submitted to the court in connection with their opposition to Plaintiffs' Motion. As discussed above, it is the purview of the trial judge to determine admissibility of evidence under Rule 412. Plaintiffs' request for sanctions to preclude admission of such evidence is more properly made to the trial judge at the appropriate time. Accordingly, this court DENIES Plaintiffs' request for sanctions WITHOUT PREJUDICE to the request being made anew to the trial judge.

### CONCLUSION

For the reasons set out above, the court GRANTS Plaintiffs' Motion and enters a Protective Order. It is ORDERED that Defendants are precluded from conducting any discovery into Plaintiff Clarissa Barta's prior sexual conduct that was off-duty, outside the workplace (HPD Airport Division, September

9. The Advisory Committee Notes to Rule 412 describes the type of evidence to which Rule 412 applies as follows:

[P]ast sexual behavior connotes all activities that involve actual physical conduct, i.e. sexual intercourse or sexual contact.... This amendment [to Rule 412] is designed to exclude evidence that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the factfinder.... [U]nless the [Rule 412](b)(2) exception is satisfied, evidence such as that relating to the alleged victim's mode of dress, speech, or life-style will not be admissible. Rule 412, Advisory Committee Notes.

1988 until Clarissa Barta's termination from HPD), and which did not involve conduct with the named Defendants. Plaintiffs' request for sanctions is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.