Tanya GIRON, Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, a Delaware corporation, Warden Thomas Newton, in his individual capacity, and Corrections Officer Danny Torrez, in his individual capacity, Defendants.

No. CIV. 96–0980LH/DJS.

United States District Court,
D. New Mexico.

Aug. 13, 1997.

Mary C. Han and Paul J. Kennedy, Albuquerque, NM, for Plaintiff.

Mark S. Jaffe, Albuquerque, NM, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

HANSEN, District Judge.

**THIS MATTER** is before the Court on Objections to Magistrate's Order Compelling Discover, and Appeal Therefrom, filed by plaintiff on May 20, 1997. (Docket No. 58).

This action is a suit pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Eighth Amendment rights. Plaintiff contends that she was forcibly raped by Defendant Torrez while she was detained in an institution operated by Defendant Corrections Corporation of America. Plaintiff also asserts pendant tort claims for assault, battery, false imprisonment, intentional infliction of emotional distress, and negligence.

On May 7, 1997, Magistrate Judge Svet entered an Order (Docket No. 55), which compelled plaintiff to respond to defendant's Interrogatory No. 6 by listing "persons with whom she has had sexual contacts in the five years prior to and the time period since the rape which forms the basis of the complaint." *Id.* at 4.[1] The order "restrict[ed] the scope of the interrogatory to a time period more closely related to the events which form the basis of this suit." *Id.* at 3. It appears to this Court, although it is not completely clear, that this order requires the plaintiff to respond to the other aspects of Interrogatory No. 6 as well, i.e., that she describe the manner and type of each sexual contact, the date and location of each sexual contact, and all persons present during the contact. The order directed that the parties submit an agreed-to protective order limiting the dissemination of the material. A Stipulated Confidentiality Order was entered on June 9, 1997 (Docket No. 63). On May 20, 1997,

---

1. Interrogatory No. 6, as originally written, requested that plaintiff identify and give extensive information about *all* persons with whom she had had sexual contact, without any time restriction.

plaintiff filed objections to the May 7, 1997 order (Docket No. 58), and on June 20, 1997, Defendant Torrez filed his response (Docket No. 70). On June 23, 1997, Magistrate Judge Svet entered an order which relieved the plaintiff from her obligation to comply with the May 7, 1997 order, pending a ruling by this Court on her objections to that order. (Docket No. 73).

In her objections to Judge Svet's order, plaintiff complains that the interrogatory, even as limited by the May 7, 1997 order, is overly broad, intrusive and an unwarranted invasion of her privacy. Plaintiff refers the Court to Rule 412 of the Rules of Evidence and requests that she be relieved from answering this interrogatory in its entirety. In his response to plaintiff's objections, Defendant Torrez argues that plaintiff's entire sexual contact history is relevant to the issues of damages, consent, motive, plan and intent.[2]

## I. Discussion

As noted in the Advisory Committee Notes to the 1994 Amendments, Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process. By affording victims protection *in most instances,* the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." (emphasis added). Subdivision (b)(2) of the rule governs the admissibility of otherwise proscribed evidence in civil cases. It employs a balancing test: evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible *if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party.* The Committee Notes emphasize that this admissibility test differs in three respects from the general rule governing admissibility set forth in Rule 403. First, it reverses the usual procedure by shifting the burden to the proponent to demonstrate admissibility rather than making the opponent justify exclusion of the evidence. Second, this standard is more stringent than in the original rule; it raises the threshold for admission by requiring that the probative value of the evidence *substantially* outweigh the specified dangers. Finally, this test puts "harm to the victim" on the scale in addition to prejudice to the parties. In civil cases, the rule establishes a presumption of inadmissibility.

Although Rule 412 controls the admissibility of evidence rather than its discoverability, it must inform the proper scope of discovery in this case. *See Barta v. City and County of Honolulu,* 169 F.R.D. 132 (D.Hawai'i 1996). In recognition of the policy rationale for the rule, the Court will impose certain restrictions on discovery to preclude inquiry into areas which will clearly fail to satisfy Rule 412(b)(2)'s balancing test, even though this Court will later decide what evidence is ultimately admitted. As noted by the *Barta* court, evidence of the alleged victim's prior sexual conduct (predisposition or behavior) is presumptively inadmissible unless it meets the test set forth in the rule. "Rule 412 then must constrict the broad scope of Rule 26(b)(1)." *Barta* at 135. As noted in the Committee Notes, "[c]ourts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case and cannot be obtained except through discovery."

The Court now turns to the actual merit of plaintiff's objections. Rule 72 mandates that a magistrate's order will not be modified or set aside in any way unless it is found to be "clearly erroneous or contrary to law". Fed. R.Civ.P. 72(a). The proper query before this Court is whether the information sought in Interrogatory No. 6, as altered by Judge Svet's order, is reasonably calculated to lead to the discovery of admissible evidence in light of the parties' claims and defenses, bearing in mind the policy underlying Rule 412 that protects victims of sexual misconduct from undue embarrassment and intrusion into their private affairs. After carefully balancing the various policy considerations

---

2. Defendant Torrez opposes that part of Judge Svet's order which limited his inquiry to the five years prior to the alleged sexual contact at issue in this case.

and examining the framework of the lawsuit, I conclude that the information sought in Interrogatory No. 6 must be even more narrowly tailored than has been done by Judge Svet, to allow for very limited discovery in this area, while also protecting plaintiff's privacy interests.

### A. Damages Issues

■ Defendant argues that because plaintiff placed her emotional and mental condition at issue, that answers to Interrogatory No. 6 may lead to admissible evidence regarding the extent of the damage she has suffered. The relevancy basis advanced by defendant is that his knowledge of plaintiff's history of sexual encounters is necessary to ascertain and counter her claims regarding the damages she suffered from the alleged rape. It appears to be his contention that he must delve into plaintiff's entire sexual history to determine what injury really did result from the 1994 sexual incident, as distinguished from pre-existing injury. Defendant reasons that in order to establish whether plaintiff's injuries are new or pre-existing, he should have access to her prior sexual partners, because "[r]omantic partners know the emotional and physical condition of each other". Defendant's Response at 5. It is defendant's position that speaking with plaintiff's former sexual partners will reveal to him what pre-existing psychological and medical conditions she may have had. This is faulty reasoning.

It is evident to the Court that this type of information and analysis would be outside the expertise of plaintiff's former sexual partners. This request is overly broad and intrusive. The Court notes that clinical psychologist, Anne Rose, has examined plaintiff, and that her report mentions sexual molestation of plaintiff by her brother as well as three marriages, "marked by either cruelty, substance abuse, or both". Exhibit B to Defendant's Response, p. 1. Dr. Rose, rather than prior sexual contacts, may be able to address the effect that prior damaging sexual contacts have had on plaintiff; this is not appropriate discovery from plaintiff's "romantic" partners.

The Court notes that plaintiff has already responded to Interrogatory No. 10, which inquired about the issues of:

each abuse, improper touching, and the injury [she has] ever experience [sic], prior to and subsequent to the incident alleged in this lawsuit; the date and place of each such event, the nature and extent of each event, how the event occurred, the type of medical treatment received, the name, address and phone number of each treating physicians [sic], the name, address and phone number of each hospital at which treatment was received, identify the person who committed the abuse, touching and injury, and if such event was reported to a government agency, identify that agency.

Plaintiff answered Interrogatory No. 10, indicating that as a child she was raped by her brother over a period of approximately three or four years; that in 1982 she was raped by a man whose name she does not know; that in 1992 she was raped by a man. She stated that she does not know the address of the 1992 attack, but does not explain why she does not provide the name of the 1992 attacker.

■ Defendant argues that he should not be held accountable for the pain and suffering caused by past injurious sexual contacts. While the Court agrees with this, as a general premise, I note that defendant attempts to take this premise too far. The Court is convinced that discovery regarding the plaintiff's sexual contact history may be relevant to the issue of damages, but only to the extent that such sexual contact caused pain and suffering. Inquiry along these very narrow lines in discovery shall be permitted.

Accordingly, plaintiff is hereby ordered to provide information, as set forth below, regarding her sexual contacts, which were violent or damaging to her in any way. As to these sexual contacts, plaintiff is to describe the manner and type of each sexual contact; the date and location of each sexual contact; all persons present during the contact; how the event occurred; the type of medical treatment received; the name, address and phone number of each treating physician; address and phone number of each hospital at which treatment was received; the other person who participated in the sexual contact and committed the abuse, touching or injury,

and if such event was reported to a government agency, plaintiff is to identify that agency.

The Court is cognizant that plaintiff, in large measure, has already given at least partial answers to this type of inquiry, as posed by Interrogatory No. 10. Her answers are not complete however. For the sake of clarity, plaintiff is instructed to re-draft one answer to the inquiry regarding all previous harmful sexual contact, as structured by the Court in this Memorandum Opinion. She is directed to include complete answers to the questions posed regarding any sexual contact which she feels caused her injury of any kind, whether physical or emotional. Such answer(s) shall include such contacts which have most recently occurred, up through the present, and shall reach back indefinitely. In other words, plaintiff's provision of this information is not to be limited to the 5 years preceding the 1994 incident which is at issue in this lawsuit.

Defendant bears the burden to establish that the evidence he seeks is probative and outweighs the danger of harm to plaintiff. He has not met this burden. He has not established how welcome, non-violent, sexual advances from certain individuals and relationships with them is relevant to the issue of pre-existing injury and damage. This Court cannot condone a wholesale inquiry into past sexual contacts of plaintiff under such circumstances. Defendant is precluded from conducting discovery into plaintiff's prior sexual conduct, except to the limited extent allowed by this Memorandum Opinion and Order.

### B. Consent, Intent, Motive and Plan

None of the arguments advanced by defendant regarding the issues of consent, intent motive and plan persuades the Court that the scope of the inquiry to plaintiff, as structured by the Court in this Memorandum Opinion, should be broader than that outlined above.

### II. Conclusion

In light of the policy issues promoted by Rule 412, the Court concludes that Interrogatory No. 6, as re-written by Judge Svet's May 7, 1997 order, is *not* reasonably calculated to lead to the discovery of admissible evidence in light of defendant's defenses.

For this reason, I conclude that the May 7, 1997 order is contrary to law and must be set aside. The Court has restructured an appropriate inquiry to plaintiff. Plaintiff is to submit a complete response to defendant within ten (10) days of entry of this Memorandum Opinion and Order. The Stipulated Confidentiality Order will apply to this response. This ruling will not deprive defendant from discovery to test plaintiff's credibility or prove the extent of her damages through other, more reliable means, such as the use of psychological expert testimony.

WHEREFORE.

1. Plaintiff's objections to Magistrate Judge Svet's Order (Docket No. 55) are **sustained**, and said Order is set aside;

2. Plaintiff is ordered to submit a complete response to the inquiry regarding previous harmful sexual contact, as structured by the Court in this Memorandum Opinion, to defendant within ten (10) days of entry of this Memorandum Opinion and Order.

3. Defendant is precluded from conducting any discovery into plaintiff's sexual contacts, other than that permitted by this Memorandum Opinion and Order.

**IT IS SO ORDERED.**