Randa TRUONG, Plaintiff,

v.

Ernest SMITH, M.D., Defendant.

No. CIV. A. 98–B–332.

United States District Court,
D. Colorado.

Nov. 16, 1998.

Darold W. Killmer, Miller, Lane, Killmer & Greisen, LLP, Denver, CO, for plaintiff.

Sheila H. Meer, Kimberly A. Porter, Sheila H. Meer, P.C., Denver, CO, for defendant.

### ORDER re: Rule 412 Discovery

COAN, United States Magistrate Judge.

Plaintiff claims that defendant Smith, while in a position of authority over plaintiff, subjected her to unwelcome sexual contacts, alleging violations of the Violence Against Women Act, 42 U.S.C. § 13981, and assault, sexual assault and battery under state law. Comp. ¶¶ 1–12, 16. At a status conference on October 26, 1998, counsel for the parties disagreed about the discovery requested in defendant's interrogatory # 3 and request for admissions # 4 in light of Rule 412, Fed. R.Evid. Both of defendant's requests concern information regarding plaintiff's "history of extramarital affairs" which defendant maintains are relevant to his defenses of consensual relationship and initiation of contact by plaintiff. Def. Mot. To Compel [filed October 13, 1998], ¶ 5. The court deferred ruling on the Rule 412 issue. *See,* Order of October 26, 1998. The parties were given the opportunity to submit additional authority, which plaintiff filed on October 28, 1998.

Federal Rule of Evidence 412, 28 U.S.C. states, in relevant part:

Rule 412. Sex Offense Cases; Relevance of Alleged Victim's Past Sexual Behavior or Alleged Sexual Predisposition

(a) Evidence generally inadmissible.—The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

(1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.

(2) Evidence offered to prove any alleged victim's sexual predisposition.

(b) Exceptions.—

1) In a criminal case, the following evidence is admissible, if otherwise admissible under these rules:

(A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;

(B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and

(C) evidence the exclusion of which would violate the constitutional rights of the defendant.

(2) In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim.

Fed.R.Evid. 412.

This rule, sometimes referred to as the "rape shield law," was first enacted in 1978 to protect rape victims from humiliating and excessive cross-examination with regard to their past sexual behavior. Originally limited to criminal rape cases, Rule 412 was later extended to govern all criminal sex offense cases. Act of Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7046(a), 102 Stat. 4400; *see also* 10 James Wm. Moore et al., Moore's Federal Practice at 412.02 (2d ed.1995). Effective December 1, 1994, Congress enacted substantial changes to Rule 412. Act of Sept. 13, 1994, Pub.L. 103–322, Title IV, § 40141(b), 108 Stat.1919. In essence, Rule 412 was revised so that it applies to all criminal and civil cases involving sexual misconduct, without regard to whether the alleged victim or person accused is a party to the litigation.

As presently worded, Rule 412 states that certain kinds of evidence are generally inadmissible in any civil or criminal proceeding involving alleged sexual misconduct. First, Rule 412 bars the admission of evidence "offered to prove that any alleged victim engaged in other sexual behavior." Fed. R.Evid. 412(a)(1). "Sexual behavior" includes all activities, other than those "intrinsic" to the alleged misconduct, that involve sexual intercourse or sexual contact, or that imply such physical conduct. See Advisory Committee Note. Second, Rule 412 precludes the introduction of evidence "offered to prove any alleged victim's sexual predisposition." Fed.R.Evid. 412(a)(2). This provision is designed to exclude evidence "relating to the alleged victim's mode of dress, speech, or lifestyle," and other evidence that "does not directly refer to sexual activities or thoughts, but that the proponent believes may have a sexual connotation for the factfinder." See Advisory Committee Note.

In civil cases, evidence offered to prove the sexual behavior or predisposition of any alleged victim of sexual misconduct may be admitted if its proponent satisfies the "balancing test" articulated in Rule 412(b)(2). The proponent must demonstrate: (1) that the proffered evidence is otherwise admissible under the Federal Rules of Evidence; and (2) that its probative value "substantially outweighs the danger of harm to the victim and of unfair prejudice to any party." Fed. R.Evid. 412(b)(2). Additionally, the rule specifies that evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the victim. *Id.*

Plaintiff argues that the information sought is inadmissible within the plain meaning of the Rule. She further argues that the presumption against admissibility can only be rebutted by a showing that the probative value of the information substantially out-

weighs the danger of harm and unfair prejudice that would result to the plaintiff. Plaintiff suggests that the reason defendant is seeking the information is to show that her conduct in this case is in conformity with past sexual conduct, a reason prohibited by Rule 412. In addition, plaintiff maintains that the information sought concerns non workplace conduct which the Advisory Committee found to be usually irrelevant. See Advisory Committee notes.

■ While evidence that a sexual assault victim has engaged in consensual sexual relations with the defendant in the past under similar conditions may have some logical relevance to the question of consent to the act charged, and evidence of prior sexual activity with the defendant under dissimilar circumstances may also have some logical relevance, but "(w)hen both identity of persons and similarity of circumstances are removed, probative value all but disappears." Ordover, Admissibility of Patterns of Similar Sexual Conduct: The Unlamented Death of Character for Chastity, 63 Cornell L.Rev. 90, 106 (1977). Absent circumstances which enhance its probative value, evidence of a sexual assault victim's sexual conduct unrelated to conduct with the defendant whether in the form of testimony concerning her general reputation or direct or cross-examination testimony concerning specific acts with persons other than the defendant, is ordinarily insufficiently probative either of her general credibility as a witness or of her consent to sexual contact with the defendant on the particular occasion charged to outweigh its highly prejudicial effect. See United States v. Stone, 472 F.2d 909, 916 (5th Cir.1973); Ordover, "If She Consented Once, She Consented Again, A Legal Fallacy in Forcible Rape Cases," 10 Val.U.L.Rev. 127, 155–159 (1976).

■ Defendant at first stated he sought the information to show a "consensual relationship and initiation of contact." Rule 412 prohibits the admissibility of such evidence based on third party contacts in civil sexual assault cases. The Advisory Committee's Note to the 1994 amendments explicitly states that Rule 412 applies "in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment." See Advisory Committee Note. The court finds that Rule 412(a) expressly states that evidence of a victim's past sexual behavior is irrelevant to the credibility of her testimony, and that her prior sexual activity with third parties has no bearing on the issue of whether she consented to the sexual violence charged. From a plain reading of the Rule, it appears that Congress performed its own balancing test and adopted a per se rule that evidence of a victim's past sexual behavior with third parties is never more probative than prejudicial on the issue of consent. See Virgin Islands v. Jacobs, 634 F.Supp. 933, 936–37(D.Virgin Islands 1986)(history of courts with respect to evidence of character of rape victim). Rule 412 thus mandates the exclusion of evidence of such past sexual behavior and deprives the district court of its discretion to admit this type of evidence based upon its evaluation that the probative value exceeds the prejudicial effect. See, United States v. Shaw, 824 F.2d 601, 606–07 (8th Cir.1987) (Congressional enactment of Rule 412 resolved balancing of competing interests formerly in the discretion of the trial court).

■ Defendant next cites Rule 412(b)(2), contending that plaintiff has put her mental and physical condition at issue by alleging emotional harm as a result of defendant's actions, thereby requiring the court to balance ·the probative nature of evidence of third party sexual contacts against the prejudice to the plaintiff. Def. Mot to Compel, ¶ 5. Even if the court were to find that such a balancing test is required, which it does not, defendant suggests that the test is required because plaintiff has put her emotional condition at issue as a result of her damages claim of "severe emotional distress."

The court disagrees. Plaintiff's damages claim, without more, is insufficient to put her emotional condition "at issue." The mere filing of a lawsuit alleging emotional harm, without a separate claim of intentional infliction of emotional distress, and without a damages claim of severe and emotionally devastating harm does not put her emotional

condition at issue.[1] Thus, defendant's reliance on the cases cited in his motion to compel are misplaced.[2]

Accordingly, it is hereby ORDERED that any discovery not addressed in this court's previous orders concerning Rule 412, Fed. R.Evid., information, as requested in defendant's Motion to Compel, filed October 13, 1998, is **denied**.

It is further ORDERED that defendant's remaining requests for relief are **denied**.

1. *See,* for example, cases concerning whether a party has put her mental condition at issue for purposes of Rule 35 independent medical examination requiring a separate claim of intentional infliction of emotional distress or a damages claim beyond a claim for emotional distress: *Turner v. Imperial Stores,* 161 F.R.D. 89, 93–95 (S.D.Cal.1995) (citations omitted); *Smith v. J.I. Case Corporation,* 163 F.R.D. 229, 230 (E.D.Pa. 1995) (citations omitted); and *Bridges v. Eastman Kodak Company,* 850 F.Supp. 216, 221–222 (S.D.N.Y.1994).

2. *Sanchez v. Zabihi,* 166 F.R.D. 500 (D.N.M. 1996) differs from the facts here because the discovery request was for other workplace sexual contact. *Giron v. Corrections Corp. of America,* 981 F.Supp. 1406 (D.N.M.1997) permitted additional discovery as to the damages caused by sexual contact with third parties when that plaintiff had responded to discovery acknowledging two prior rapes by other parties and childhood sexual abuse.