Bobby JAMES

v.

Larry TILGHMAN et al.

No. 2:91 CV 1136 JGM.

United States District Court, D. Connecticut.

March 29, 1999.

J.L. Pottenger, Jr., Brett Dignam, Jerome N. Frank Legal Services Organization, New Haven, CT, Bobby James, C.C.I., Somers, CT, pro se, Norman A. Pattis, Williams & Pattis, New Haven, CT, for plaintiff.

Steven R. Strom, Stephen J. O'Neill, Robert F. Vacchelli, Richard T. Couture, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, for defendants.

*RULING ON DEFENDANTS' MOTION TO PRECLUDE INMATE INFORMANT IDENTITIES AND ON PLAINTIFF'S: MOTION TO COMPEL DISCOVERY OF INMATE IDENTITIES AND DOCUMENT WITHHELD UNDER ASSERTION OF PRIVILEGE*

MARGOLIS, United States Magistrate Judge.

The factual and procedural history behind this litigation is set forth in considerable detail in *James v. Tilghman,* 2:91 CV 1136(JGM), 1998 WL 849393 (D.Conn. Nov. 5, 1998). Two motions currently are pending before the Court. First on March 8, 1999, defendants filed their Motion to Preclude Inmate Informant Identities, with brief in support. (Dkts. ## 150–151). On March 15, 1999, plaintiff filed his brief in opposition. (Dkt. # 154).[1] On March 8, 1999, plaintiff also filed a Motion to Compel Discovery of Inmate Identities and Document Withheld under Assertion of Unspecified Privilege, under seal, with brief in support. (Dkt. # 152).[2] On March 22, 1999, defendants filed a reply brief (Dkt. # 167)[3] to which plaintiff filed a surreply under seal on March 23, 1999 (Dkt. # 169).[4]

## I. DISCUSSION

Both motions concern the disclosure of names of four inmate "informants" whom the plaintiff wishes to call as witnesses at trial. (Dkt. # 151 at 1). Each of these inmates has allegedly accused Theodore Drakeford of sexually aggressive behavior; plaintiff also alleges that Drakeford sexually assaulted him. (*Id.*). Defendants argue that testimony from these potential witnesses is inadmissible for four reasons: (1) disclosure of the identities of the four inmates is protected under the informant's privilege; (2) the probative value of their testimony is substantially outweighed by the danger of unfair prejudice; (3) the identities of the informants are protected from disclosure by CONN.GEN.STAT. §§ 54–86d, 54–86e, and 54–86f; and (4) plain-

1. Attached to plaintiff's brief as Exhibit A is "Reason for Hearing" Notice.

2. Attached to plaintiff's brief were nine exhibits: four Inmate Incident Reports, redacting the victims names, dated August 7, 1990 (Exh. A); November 8–9, 1990 (Exh. B); March 18, 1991 re: J Block (Exh. C); March 19, 1991 re: F Block (Exh. D); copy of correspondence between counsel, dated February 25, 1999 (Exh. E); handwritten note, dated June 28, 1991, excising report from Drakeford's file (Exh. F); copy of defendants' response to plaintiff's First Request for Disclosure and Production, dated July 10, 1992 (Exh. G); copy of Protective Order, dated November 25, 1992 (Exh. H); copy of transcript of six-page excerpt of Christopher Dion's confiden-

tial deposition testimony (Exh. I); copy of Protective Order, dated May 15, 1996 (Exh. J); and copy of transcript of twelve-page excerpt of Christopher Dion's confidential deposition testimony (Exh. K).

3. Attached to defendants' brief were three exhibits: another copy of Inmate Incident Report, dated March 18, 1991; copy of Errata Sheet, dated Feb. 2, 1999, correcting Mr. Dion's deposition testimony; and copy of Errata Sheet, dated Feb. 4, 1999, correcting Mr. Dion's deposition testimony.

4. Attached to plaintiff's surreply was a fifteen-page excerpt of Mr. Dion's confidential deposition testimony.

tiff's demand for disclosure is untimely because the scheduled trial date is only a few weeks away. (*Id.* at 1–2).

Plaintiff counters that his demand for disclosure is timely because it was only recently that plaintiff became aware that defendants have specific knowledge of the four prior sexual assault allegations. (Dkt. # 154 at 2). Plaintiff also argues that the four inmates are not informants, but crime victims, and thus the informant's privilege does not apply. (*Id.* at 2–6). Next, plaintiff disputes defendants' contention that the inmates' testimony would not be admissible. (*Id.* at 6). Plaintiff notes that the inmates' testimony is relevant to several issues, including defendants' knowledge of those allegations and also Drakeford's modus operandi. (*Id.* at 6–9). Plaintiff also argues that defendants' reliance on Connecticut's Rape Shield Law to preclude disclosure of the inmates' identities is misplaced because that law is inapplicable in a federal civil rights suit. (*Id.* at 11).

■ Under the Federal Rules of Civil Procedure, the scope of discovery extends to "any matter not privileged which is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party ..." FED. R.CIV.P. 26(b)(1). The phrase " 'relevant to the subject matter involved in the pending action' has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citation omitted). The party receiving a request must not only produce information which is admissible as evidence, but also information which "appears reasonably calculated to lead to the discovery of admissible evidence." *Martin v. Valley Nat'l Bank of Arizona*, 140 F.R.D. 291, 300 (S.D.N.Y.1991) (citations omitted). "Reasonably calculated" in Rule 26 means "any possibility that the information sought may be relevant to the subject matter of the action." *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y.

1988) (citations & internal quotation marks omitted).

■ However, discovery is not without limitations. FED.R.CIV.P. 26(b)(2). The Court has a duty to ensure that discovery requests are reasonable. *In re Sur. Ass'n of Am.*, 388 F.2d 412, 414–15 (2d Cir.1967).

## A. INFORMANT'S PRIVILEGE

Defendants argue that disclosure of the identity of these four inmates is precluded by the informant's privilege:

What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable.

*Roviaro v. United States*, 353 U.S. 53, 59–60, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (citations & footnotes omitted). The U.S. Supreme Court continued:

A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

. . .

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 60–61, 62, 77 S.Ct. 623 (citations & footnotes omitted).

██ The so-called informer's privilege is actually the prosecutor's privilege to withhold disclosure of the identity of persons who supply law enforcement officers with information concerning violations of law. The purpose of the privilege is to further and protect the public interest in effective law enforcement. The privilege recognizes a citizen's duty to communicate knowledge of the commission of crime of the proper authorities and that the performance of that duty is encouraged by not disclosing the identity of the informer. The Court finds defendants' argument, that the informer's privilege bars disclosure of the inmates' identities, inapplicable to the present case. Here, the four inmates were not willing participants in a crime, in contrast to the informant whose identity was at issue in *Roviaro.* Nor were the inmates mere observers of criminal activities, but rather the inmates were victims of alleged sexual assaults.

## B. RAPE SHIELD LAWS

██ Plaintiff has correctly argued that Connecticut's Rape Shield Statute has no bearing on this discovery dispute, in that such statute is limited to a state criminal proceeding. *See* CONN.GEN.STAT. § 54–84d *et seq.* Instead, the evidentiary issues (and hence the discovery issues, *see Barta v. City & County of Honolulu,* 169 F.R.D. 132, 134–35 (D.Haw.1996)) are governed by FED. R.EVID. 412, 413 and 415. Rule 412(b)(2), the federal "rape shield" provision, seeks "to safeguard the alleged victim [of sexual misconduct] against the invasion of privacy, po-

tential embarrassment, and sexual stereotyping" and also "encourages victims of sexual misconduct .... to participate in legal proceedings ..." Advisory Committees Notes. *See Giron v. Corrections Corp. of America,* 981 F.Supp. 1406 (D.N.M.1997) (in action brought by inmate for alleged rape by correctional officer, defendants were not entitled to discovery regarding plaintiff's consensual sexual partners).

In contrast, Rule 415(a) provides that "[i]n a civil case in which a claim for damages or other relief is predicated on a party's alleged commission of ... sexual assault ..., evidence of that party's commission of another offense or offenses of sexual assault ... is admissible and may be considered as provided in Rule 413 ..." Rule 415 has been held to be applicable to claims against employers, "without regard to whether the alleged victim or person accused is a party to the litigation." *Truong v. Smith,* 183 F.R.D. 273, 274 (D.Colo.1998); *Cleveland v. KFC National Management Co.,* 948 F.Supp. 62 (N.D.Ga. 1996). Rule 413(a), in turn, provides that "evidence of the defendant's commission or another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." There is little doubt that "Rules 412 and 415 stack the deck in the plaintiff's favor" and that these two rules are "asymmetrical." Aiken, *Sexual Character Evidence in Civil Actions: Refining the Propensity Rule,* 1997 WIS.L.REV. 1221, 1260 (1997). Given this lack of symmetry, one law professor has suggested that courts should consider several factors to determine the probative value of evidence against a defendant: "similarity in type between the alleged events and prior events; similarity in relationship between alleged perpetrator and alleged victim in each circumstance; similarity in settings in which the events took place; proximity in time; and frequency of other acts." *Id.* at 1264 (citations omitted).

Given these evidentiary rules, evidence regarding defendants' knowledge of Drakeford's alleged prior sexual assaults will be admissible. The question regarding whether plaintiff is entitled to the identity of Drakeford's alleged victims is a difficult one. The

Court looks for guidance from Rule 412(c), which sets forth a mechanism for the introduction of evidence regarding the alleged victim. Under Rule 412(c)(1)(A) & (B), a party intending to offer such evidence must file a detailed motion and must "serve the motion on all parties and notify the alleged victim ..." Further, "[b]efore admitting evidence under this rule the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise." Rule 412(c)(2).

The matter of the victims' privacy is heightened, where as here, the victims are prison inmates and disclosure would present a security risk, with the danger of retribution against these four victims from Drakeford or others on his behalf. (Dkt. # 167 at 1–2). *See also Farmer v. Brennan*, 511 U.S. 825, 852, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("Prison rape not only threatens the lives of those who fall prey to their aggressors, but is potentially devastating to the human spirit. Shame, depression, and a shattering loss of self-esteem accompany the perpetual terror the victim thereafter must endure."). In balancing the interests of *all* parties concerned, including the four alleged victims, the procedures set forth below shall be followed:

(1) ***On or before April 1, 1999,*** defense counsel shall ascertain which, if any, of these four inmates is still in DOC custody. Defense counsel shall notify plaintiff's counsel and the Magistrate Judge, in writing, how many of these four inmates remain in DOC custody, without revealing their identity.

(2)(a) ***On or before April 7, 1999,*** defense counsel shall contact each of these four inmates who is still in DOC custody, to ascertain whether such inmate will permit defense counsel to disclose his identity to plaintiff's counsel. If the inmate agrees to disclose his identity, a written and notarized authorization must be executed.

(2)(b) ***On or before April 7, 1999,*** defense counsel shall make his best efforts to locate any of these four inmates who is no longer in DOC custody, and to contact such former inmates, to ascertain whether such inmate will permit defense counsel to disclose his identity to plaintiff's counsel. If the former inmate agrees to disclose his identity, a written and notarized authorization must be executed.

(3) If an inmate or former inmate does not agree to disclose his identity, no disclosure by defendants shall be permitted.

(4) If an inmate or former inmate does agree to disclose his identity, an *in camera* hearing shall be held, ***during the week of April 12, 1999,*** pursuant to Rule 412(c)(2), at which the inmate victim and all parties will be present. If the inmate or former inmate wishes, the Court will appoint separate counsel for him.

### II. CONCLUSION

In conclusion, for the reasons stated above, Defendant's Motion to Preclude Inmate Informant Identities (Dkt. # 150) and Plaintiff's Motion to Compel Discovery of Inmate Identities and Document Withheld under Assertion of Unspecified Privilege (Dkt. # 152) are *granted in part and denied in part to the extent set forth above.*