Claudio **POLO–CALDERON** and Jonathan **Polo–Echevarria,** Plaintiffs,

v.

**CORPORACION PUERTORRIQUEÑA DE SALUD** and Joaquin **Rodriguez–Benitez,** Defendants.

Civil No. 12–1006 (FAB).

United States District Court, D. Puerto Rico.

Jan. 16, 2014.

Enrique J. Mendoza–Mendez, Mendoza Law Office, San Juan, PR, Juan R. Davila–Diaz, Hato Rey, PR, for Plaintiffs.

Marta D. Masferrer, Marta Masferrer Law Office, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On January 12, 2014, defendants Corporacion Puertorriqueña de Salud ("CPS") and Joaquin Rodriguez–Benitez ("Rodriguez"), filed a motion pursuant to Federal Rule of Evidence 412 ("Rule 412"). (Docket No. 154.) Having elicited information from plaintiff Jonathan Polo–Echevarria ("Polo") regarding Polo's sexuality and texting relationships with other known and unknown men, defendants seek to introduce that evidence at trial. For the reasons discussed below, the Court **DENIES** defendants' motion.

The purpose of Rule 412 is to "prevent misuse of a complainant's sexual history in cases involving 'alleged sexual misconduct.'" *Rodriguez–Hernandez v. Miranda–Velez*, 132 F.3d 848, 856 (1st Cir.1998). In order for defendants to admit evidence to prove the alleged victim's sexual behavior or sexual predisposition, they must demonstrate that "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." *Id.* Only if the alleged victim places his or her own reputation in controversy is that evidence admissible. *Id.*

Defendants have not met their burden of establishing that the evidence's probative value "substantially outweighs" its prejudicial effect. They broadly claim that the evidence is of the "utmost relevance" to Polo's credibility, to the identity of the prpng@hotmail.com and "Siempre Atento" user, and to the issue of welcomeness pursuant to a Title VII hostile work environment sexual harassment claim. (Docket No. 154 at p. 4.) They argue that plaintiffs "by their own volition have placed in controversy Jonathan Polo's reputation" and that "all of Jonathan Polo's behavior, conduct, actions, and habits" are relevant to his state of mind, identity, presumptions, and conclusions. *Id.* at p. 23. Defendants would have the Court believe that "[i]n this type of case[,] the person's private life ceases to be private at the time he claims that the text messages constituted sexual harassment." *Id.* at p. 26.

The Court finds no defendable reason for allowing evidence at trial regarding Polo's private dating life—including his sexual preferences, family dynamics regarding his sexuality, dating history, and any relationships or communications with other men via text message or telephone that did not occur within the time periods

in question.[1] Nothing prevents defendants from presenting evidence of, and/or cross-examining plaintiff Polo about, the relationship in which Polo engaged with prpng@hotmail.com and "Siempre Atento," or the messages that the two exchanged. All of the examples defendants cite in their motion concern Polo's private sexual life outside of that relationship, however, and are "precisely the types of intrusive generalized questions about past, private, consensual sexual conduct that courts readily have found marginally (if at all) probative to sexual-harassment claims, highly prejudicial and likely to harm the plaintiff." *A.W. v. I.B. Corp.,* 224 F.R.D. 20, 26 (D.Me.2004). Defendants hint that Polo's deposition excerpts somehow call into question Polo's moral character, paint him as a sexually promiscuous teenager, and suggest that Polo would not have been offended by the messages prpng@hotmail.com sent if someone to whom he was attracted had sent Polo the same thing. Their request to introduce that evidence at trial not only offends notions of justice but is unsupported in law, and the Court simply will not allow it. *See, e.g., Burns v. McGregor Elec. Indus.,* 989 F.2d 959, 963 (8th Cir.1993) ("This rationale would allow a complete stranger to pursue sexual behavior at work that a female worker would accept from her husband or boyfriend. This standard would allow a male employee to kiss or fondle a female worker at the workplace. None of the plaintiff's conduct . . . was work related. [She] did not tell sexual stories or engage in sexual gestures at work. She did not initiate sexual talk or solicit sexual encounters with co-employees."); *Barta v. City & County of Honolulu,* 169 F.R.D. 132, 136 (1996) ("*The fact that the plaintiff may welcome sexual advances from certain individuals has absolutely no bearing on the emotional trauma she may feel from sexual harassment that is unwelcome. Past sexual conduct does not callous one to subsequent unwelcomed sexual advancements.*") (emphasis added). There is no evidence that Jonathan Polo's conduct was work-related, that he engaged in sexual activity at work, or that he solicited sexual encounters with co-workers while at CPS. That he may have welcomed sexual advances from other individuals who were altogether disconnected from his workplace in no way pertains to his sexual harassment claim against Rodriguez.

In short, the Court does not find the information defendants seek to admit relevant to Polo's credibility, to "Siempre Atento" and prpng@hotmail.com's identity, or even to "the gravamen of any sexual harassment claim[,] [which] is that the alleged sexual advances were 'unwelcome.' " *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 68, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Indeed, to analyze plaintiff's sexual harassment claim, a jury will determine whether Polo welcomed the messages received from prpng@hotmail.com and "Siempre Atento" once he uncovered the true sender's identity.[2] It has long been

1. Defendants, for example, seek to present messages exchanged between Polo and his "friend Harold" in late February, 2011 as evidence that Polo had welcomed prpng@hotmail.com's messages in December 2010, January 2011, and early February 2011. (Docket No. 154 at pp. 5–6.)

2. Defendants assert that the pertinent issue for a jury is merely whether Polo ever welcomed the messages from prpng@hotmail. com and "Siempre Atento." That interpretation, however, is incomplete. Thanks to the digital age, communications between co-workers may now take place without both parties first having the luxury of knowing the other's true identity. In those—albeit rare—cases, a plaintiff should not be deprived of pursuing a Title VII hostile work environment sexual harassment claim simply because he or she may have welcomed the messages from

recognized, however, that a plaintiff's "private and consensual sexual activities do not constitute a waiver of his or her legal protections against unwelcome and unsolicited sexual harassment.' " *Winsor v. Hinckley Dodge, Inc.,* 79 F.3d 996, 1001 (10th Cir.1996) (quoting *Katz v. Dole,* 709 F.2d 251, 254 n. 3 (4th Cir.1983)); *see, also B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1105 (9th Cir.2002) ("Courts have held ... that the probative value of evidence of a victim's sexual sophistication or private sexual behavior with regard to the welcomeness of harassing behavior in the workplace does not substantially outweigh the prejudice to her."); *Rodriguez–Hernandez,* 132 F.3d at 856 (upholding trial court's ruling that evidence concerning sexual-harassment plaintiff's moral character and promiscuity was inadmissible under Rule 412); *Burns,* 989 F.2d at 963 ("[T]he plaintiff's choice to pose for a nude magazine outside work hours is not material to the issue of whether plaintiff found her employer's work-related conduct offensive."); *EEOC v. Wal–Mart Stores,* 1999 WL 1032963, at *3, 1999 U.S.App. LEXIS 29858, *10–11 (10th Cir.1999) (finding evidence of (1) plaintiff's sexual relationships with coworkers outside of work, and (2) plaintiff's employer's generalized suspicions about her relationships outside of work, to be irrelevant to her claims of harassment at work).

The Court simply finds no connection between the testimony that defendants seek to admit and the sexual harassment plaintiff Polo allegedly experienced from defendant Rodriguez. Accordingly, defen-

dants' motion, (Docket No. 154), is **DENIED.**

**IT IS SO ORDERED.**

the anonymous sender. A more appropriate analysis, therefore, also considers whether the plaintiff welcomed those messages *in light of knowing the sender's identity.* As applied to this case, the issue of welcomeness is not simply whether Polo initially welcomed the messages from *an anonymous sender,* but also whether he welcomed them *once he knew that defendant Rodriguez was the sender.* On that basis, the Court vehemently rejects defendants' contention that "Jonathan Polo cannot claim he was sexually harassed at work or was subjected to a hostile work environment when he did not know who the alleged harasser was." (Docket No. 90 at p. 9.)